UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

December 31, 2019

LETTER TO PARTIES

      RE:    *Yolonda B. v. Commissioner, Social Security Administration*
               Civil No. DLB-19-1742

Dear Plaintiff and Counsel:

On June 14, 2019, Plaintiff Yolonda B. filed a complaint, *pro se*, seeking redetermination of benefits that she alleges are owed to her by the Social Security Administration ("SSA"). ECF 1. The Commissioner filed a Motion to Dismiss for lack of subject matter jurisdiction, citing Plaintiff's untimely complaint and her failure to exhaust her administrative remedies. ECF 15. Plaintiff filed a response in opposition. ECF 17. I have carefully reviewed the parties' filings, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Commissioner's Motion to Dismiss must be granted.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complainant. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Generally, when a court considers a motion to dismiss for lack of subject matter jurisdiction, it "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions, or live testimony."). In considering this motion, I have considered the declaration filed by Janay Podraza, the Chief of Court Case Preparation and Review Branch II of the Office of Appellate Operations at SSA, along with its supporting documentation. ECF 15-2.

A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1088)). However, a *pro se* plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and citation omitted). *Pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Nevertheless, where a plaintiff, *pro se* or represented, has failed to exhaust

administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 607-08 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004).

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 5, 2013. ECF 15-2 ¶ 3. After an unfavorable decision by an Administrative Law Judge ("ALJ") on November 22, 2016, Plaintiff appealed to the Appeals Council ("AC") and the AC granted review. *Id*. On April 9, 2018, the AC issued a partially favorable decision, finding Plaintiff disabled beginning November 22, 2016, under SSI, but not DIB. *Id*. The SSA subsequently found Plaintiff not eligible for SSI payments because "[her] resources [were] worth more than $2,000.00" and, therefore, she "[did] not meet the non-medical rules" for SSI benefits. ECF 15-3 at 11 (letter notice dated September 4, 2018). On April 11, 2019, the SSA informed Plaintiff that she met the non-medical rules for the months of December 2016 through February 2017. ECF 15-3 at 27. After filing this action, the SSA issued a notice dated August 14, 2019, finding Plaintiff met the resource limitation beginning June 2019. ECF 15-4.

The Commissioner first argues that, to the extent Plaintiff is seeking review of the AC's partially favorable decision of April 9, 2018, her complaint fails to state a claim upon which relief can be granted because it was not filed within the applicable statute of limitations. ECF 15-1 at 8-9. Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines. *See Weinberger v. Salfi*, 422 U.S. 749, 763 (1975). The limitations period must therefore be strictly enforced, absent (1) an agreement by the Commissioner to toll the deadlines or (2) a valid basis for equitable tolling of the deadlines. *See id*.

Under the Social Security Act, any appeal must be "commenced within sixty days after the mailing to [a plaintiff] of notice of such decision or within such further time as the Commissioner . . . may allow." 42 U.S.C. § 405(g). Here, the final decision of the Commissioner is the AC's decision dated April 9, 2018. Plaintiff filed her complaint over a year later, and Plaintiff neither requested an extension of the deadline nor made a showing that she had not received the AC's decision within the presumed time period under the regulations. Therefore, this Court lacks jurisdiction to review the decision.

Second, to the extent Plaintiff is seeking review of the SSA's denial of SSI benefits during the months of March 2017 through May 2019,[1] the Commissioner argues that Plaintiff's complaint is barred because she failed to exhaust administrative remedies. ECF 15-1 at 9-12.

---

[1] The AC found Plaintiff disabled beginning November 22, 2016. Plaintiff received benefits for December 2016 through February 2017. The SSA found Plaintiff met the resource limitation again beginning June 2019. Therefore, Plaintiff did not receive benefits for the intervening months of March 2017 through May 2019.

The federal government and its agencies, including the SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Under the Social Security Act, 42 U.S.C. § 301 *et. seq.*, United States District Courts have the authority to review decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The Act precludes judicial review absent a "final decision," *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and clarifies that the remedy provided by 42 U.S.C. § 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Social Security Administration regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a). Indeed, the Supreme Court has long required parties to exhaust administrative remedies before seeking relief from the courts. *See McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). The Social Security administrative review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. 20 C.F.R. § 416.1400(a)(5). Appeal of a final decision ordinarily must be "commenced within sixty days after the mailing" to the claimant of notice of the decision. 42 U.S.C. § 405(g).

Plaintiff admits that she received the SSA's notices dated September 4, 2018, and April 11, 2019, explaining her denial of SSI benefits for non-medical reasons. ECF 17. Each letter explicitly stated Plaintiff's appeal rights. *See* ECF 15-3 Exh. 4-5. The SSA does not have a record of Plaintiff appealing either of these letters. ECF 15-2 (Podraza Declaration). In her response, Plaintiff alleges that she submitted paperwork to the SSA in response to the SSA's request for information regarding a spend down to account for approximately $20,000 she received in a legal settlement and information for a pension from a former employer. ECF 17 at ¶¶ 3, 5, 6; *see also* ECF 1-3 at 21 (Plaintiff's letter dated June 13, 2019, requesting review of her case). Notably, Plaintiff does not argue that she attempted to appeal either of the SSA's letter notices, nor does she ask the Court to interpret her paperwork as an appeal of the SSA's letter notices.[2] *See* ECF 1, 17. Rather, Plaintiff filed her response to the Commissioner's Motion to Dismiss to "show why [her] appeal was not filed in a timely matter." ECF 17 ¶ 1; *see also* ECF 1-3 at 21 ("I am NOT eligible to receive[] SSI benefits because as a working person I am over the limit with resources.").

---

[2] The Court notes that Plaintiff included with her response a "Request for Reconsideration" form dated October 15, 2018, with a "Glen Burnie SSA" stamp that reads "Jan" of an illegible year. ECF 17-1 at 3; *see also* ECF 17-1 at 17 (duplicate form with another illegible stamp). Plaintiff does not discuss this form in her complaint or response. If Plaintiff filed the form on October 15, 2018, it may have been a timely appeal of the SSA's September 4, 2018, notice. The Commissioner has no record of Plaintiff filing an appeal, ECF 15-2 at 4-5, and did not file a reply to Plaintiff's response. Even assuming Plaintiff filed a Request for Reconsideration with the SSA on October 15, 2018, the Court is still precluded from reviewing her claim because Plaintiff, who experienced the agency's many administrative steps during her disability claim, did not exhaust her administrative remedies, including requesting a hearing with an ALJ and review from the AC. Therefore, there is no final decision for the Court to review.

*Yolonda B. v. Commissioner, Social Security Administration*
Civil No. DLB-19-1742
December 31, 2019
Page 4

In sum, Plaintiff did not seek a hearing before an ALJ, and the AC did not review her claim or deny her request for review. Plaintiff notes that, because the AC found her disabled, she was "lead to believe [she] had won [her] case" and implies there was nothing for her to appeal administratively. ECF 17 ¶ 1. However, if Plaintiff disputed the amount of the benefits for which she believed she was eligible, she was entitled to administrative review of the agency's action. *See* 20 C.F.R. § 404.902 (setting forth "initial determinations" subject to administrative review, including the amount of a claimant's benefits, any overpayment or underpayment of benefits, and the establishment or termination of a period of disability). Because Plaintiff did not proceed through the stages of the administrative appeal process, Plaintiff has not received a judicially reviewable final decision of the Commissioner, and there is no final administrative decision for this Court to review. Accordingly, this Court does not have jurisdiction over Plaintiff's complaint.

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF 15, is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge